[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-1447

 UNITED STATES,

 Appellee,

 v.

 ANGELO TORRES-BAEZ,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Daniel R. Dominguez, U.S. District Judge]

 

 Before

 Boudin, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Lynch, Circuit Judge.

 

Johnny Rivera-Gonzalez on brief for appellant.
Guillermo Gil, United States Attorney, Camille Velez-Rive and Nelson
Perez-Sosa, Assistant United States Attorneys, and Jose A. Quiles-
Espinosa, Senior Litigation Counsel, on brief for appellee.

 

 March 26, 1998
 
 Per Curiam. Upon careful review of the briefs and record,
we perceive no merit in appellant's contentions.
 While there may be some question about the standard of
review applicable to appellant's first-time challenge to his
guilty plea, see United States v. Martinez-Martinez, 69 F.3d
1215, 1219-20 (1st Cir. 1995), we need not resolve that
uncertainty here. 
 Rule 11 requires the district court to determine that the
plea in voluntarily and intelligently entered, but there is no
specific requirement that the district court ask about
prescription drug use. Carey v. United States, 50 F.3d 1097,
1099 (1st Cir. 1995). However, once informed that the
defendant has ingested substances capable of impairing his
ability to make a knowing and intelligent waiver of his
constitutional rights, the district court must broaden its
inquiry to determine the dosages consumed and the effects, if
any, such medications might be likely to have on the
defendant's clear-headedness. United States v. Parra-Ibanez,
936 F.2d 588, 596 (1st Cir. 1991). 
 Here, appellant complains that the district court should
have broadened its inquiry in light of a psychiatric evaluation
report (then 5 months old) indicating that appellant used
insulin and Prozac. However, the transcript of the plea
hearing itself shows that defendant specifically denied recent
use of any drug: he was asked whether he was "presently on
medication or have you used any narcotic drug within the last
twenty-four hours?" and he answered, "No." Based solely on
that record before us, we decline to require any further
inquiry. The facts of this case are distinguishable from those
in Parra-Ibanez, and so the result reached there does not
obtain here.
 Rule 11 requirements do not apply to sentencing hearings,
and so we reject appellant's claim that the district court was
required to conduct a colloquy at sentencing. And appellant's
claim regarding the interpreters involved in his psychiatric
evaluation is wholly without merit.
 Affirmed. See 1st Cir. Loc. R. 27.1.